MADELEINE M. LANDRIEU, Judge.
|! Tulane University Hospital and Clinic (“Tulane”) appeals the decision of the Louisiana Office of Workers’ Compensation dismissing on the basis of prescription Tulane’s claim for medical services rendered to an injured worker. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
On August 23, 2007 Gerald Hellmers injured his lower back while changing a tire as a part of his job as an auto mechanic for the Port of New Orleans (“the Port”). The Port paid workers’ compensation benefits to Mr. Hellmers. As a result of this accident, Mr. Hellmers was hospitalized at Tulane from June 11 — 14, 2007 and underwent surgery on October 3, 2007. Mr. Hellmers returned to work on January 4, 2008. Tulane submitted invoices totaling approximately $118,000.00 for treatment of Mr. Hellmers’ 2007 injury. The Port made an initial payment to Tulane of $12,354.00 on December 3, 2007. After Tulane submitted a request for reconsideration, the Port made an additional payment of $10,309. 37 on January 27, 2009.
|2On January 13, 2009, Mr. Hellmers re-injured his back on the job while changing a truck battery. The Port accepted Mr. Hellmers’ claim for workers’ compensation benefits arising out of this second accident and is still paying those benefits. As a result of this injury, Mr. Hellmers was hospitalized at Tulane from February 6-9, 2009. Tulane billed the Port $32,665.03 for this treatment. The Port made payments to Tulane of $7,116.00 on March 26, 2009 and $12,789.00 on April 7, 2009.
On March 20, 2012, Tulane filed suit seeking medical payments, penalties and attorney’s fees for treatment of both injuries. The Port then filed a Motion for Partial Dismissal, arguing that any claims for treatment .related to the 2007 injury were prescribed. The workers’ compensation court granted the Port’s motion and dismissed Tulane’s claims relating to the 2007 injury as prescribed. Tulane appeals that judgment.
DISCUSSION
The record reflects that the workers’ compensation court treated the Port’s motion for partial dismissal as an exception of prescription. The standard of review as to the granting of -an exception of prescription is manifest error. Bell v. Glaser, 2008-0279; p. 4 (La.App. 4 Cir. 7/1/09), 16 So.3d 514, 516.
La. R.S. 23:1203, as part of the Louisiana Workers’ Compensation Act, imposes a duty upon the employer to pay for medical treatment of an employee accidently injured while in the course and scope of his employment. Regarding the |aprescriptive period for recovery of those expenses, La. R.S. 23:1209 states, in pertinent part:
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to. be made under this Chapter, or unless within one year after the accident a formal' claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
In the present case, the workers’ compensation court found that Mr. Hellmers sustained two separate and distinct accidents, one in 2007 and one in 2009. The court further found- that Tulane’s March *686 20, 2012 suit was filed more than three years from the Port’s last payment, made on January 27, 2009, for treatment of the 2007 injury, and that all claims as to the 2007 accident were, therefore, prescribed. Because the last payment for injuries Mr. Hellmers received in the 2009 accident was not made until April 7, 2009, the court found Tulane’s claims as to that accident were timely asserted.
On .appeal, as it did in the court below, Tulane argues that its claims with regard to Mr.. Hellmers’ first injury were not prescribed because, the second injury was merely an exacerbation of the first injury, rather than being caused by the second accident. We find no manifest error in the lower court’s finding, based upon the medical records and other evidence presented,' that there were two distinct accidents. “Accident” as used in the Louisiana Workers’ Compensation Law is defined as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly |4producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La. R.S. 23:1021(1). Tulane presented no evidence to refute the fact that two separate accidents occurred. Whether the second accident exacerbated the back injury caused by the first accident is of no mo-mént. As the workers’ compensation court noted in its reasons for judgment:
This, court rejects Tulane’s argument that all injuries to Mr. Hellmers were related for prescription purposes because Mr. Hellmers was the “eggshell” employee. To adopt Tulane’s position would lead to absurd consequences. If accepted, employers at which a person initially injured his back would always be responsible for all subsequent injuries to the back, including those sustained while working for successive employers. ■ As long at the employee re-injured himself within three years of the last medical payment, there would be no prescription related to that body part. There would be no predictability as to when the risk of liability exposure was extinguished. Further, the risk of occupational injuries could be shifted from the injuring employer to an unrelated entity, resulting in confusion as to whom to contact to pursue a claim. This concept is contrary to the purpose of the prescriptive statutes.
According to La. R.S. 23:1209, when medical payments have been made for an accident, all claims for additional medical payments arising out of that accident become time-barred three years from the making of the last payment. The trial court’s finding that the last payment for the 2007 accident was made by the Port on January 27, 2009 is not manifestly erroneous. ' Accordingly, the workers’ compensation court correctly concluded that Tulane’s claims for medical payments stemming from the 2007 accident were prescribed.'
The lower court also properly denied Tulane’s claim for penalties and attorney’s fees related to the 2007 accident. La. R.S. 23:1201(F)(4) provides that | ¿penalties and attorney’s fees may be awarded “in the event a health provider prevails on a claim for payment.” Because Tulane’s underlying claim for medical benefits is prescribed, it has no claim for penalties or attorney’s fees related to the employer’s failure to pay said benefits. See Scott v. Walmart Stores, Inc., 2003-0104, p. 11 (La.App. 4 Cir. 7/2/03), 851 So.2d 1210, 1216.
CONCLUSION
For the reasons stated, the workers’ compensation court did not err by granting the Motion for Partial Dismissal of Tu *687 lane’s claims on the basis of prescription. Accordingly, we affirm that judgment.
AFFIRMED.